IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID G. RICHARDSON, | : | CIVIL ACTION NO. **3:CV-09-1543** |
| Plaintiff | : | |
| v. | : | (Magistrate Judge Blewitt) |
| PAUL A. CUCCINELLO, | : | |
| Defendant | : | |

## ORDER

Plaintiff, David G. Richardson, filed this action on August 12, 2009, seeking to recover damages for injuries he sustained in an August 12, 2007 motor vehicle accident ("mva") allegedly caused by the negligence of Defendant Paul A. Cuccinello. Jurisdiction of this Court is pursuant to 28 U.S.C. § 1332. At the time of the mva, Defendant was driving his friend's vehicle, which was insured with GMAC Insurance Company ("GMAC"). Defendant also had his own insurance policy with State Farm Insurance Company ("State Farm"). State Farm is the excess insurance carrier in this case. GMAC Insurance is the primary carrier.

On August 31, 2009, Defendant filed Objections to Plaintiff's Subpoena to State Farm Insurance, pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure. **(Doc. 5).** The subpoena in question, which seeks all documents pertaining to the August 12, 2007 mva, as well as State Farm's complete claim file, including investigative file, was served by Plaintiff upon State Farm Insurance Company on August 17, 2009. (Doc. 24, Ex. A).

Also on August 17, 2009, Plaintiff served a subpoena on GMAC. Plaintiff's subpoena to GMAC sought all documents pertaining to the August 12, 2007 mva, as well as GMAC's complete claim file. The subpoena was served by Plaintiff upon GMAC Insurance Company via certified mail

in North Carolina. (Doc. 22, Ex. A). Defendant, on behalf of GMAC, raised objections to Plaintiff's subpoena sent to GMAC in North Carolina.[1]

On September 10, 2009, the Court conducted a telephonic conference regarding Defendant's Objections to Plaintiff's subpoenas to State Farm and to GMAC. As a result of the conference, the Court afforded counsel for Plaintiff until the September 28, 2009 joint case management conference to advise the Court if Defendant's Objections to Plaintiff's subpoenas were resolved. (See Doc. 14).

During the September 28, 2009 joint case management conference, it was determined that the Objections of Defendant to Plaintiff's Subpoenas (both to State Farm and GMAC) were not resolved. (See Doc. 17). The Court therefore issued an Order on September 28, 2009, directing Defendant to file his briefs with respect to his Objections to Plaintiff's Subpoenas on or by October 28, 2009. The Order directed Plaintiff to file his brief with respect to the Objections of Defendant to his subpoenas served on State Farm and GMAC on or by November 16, 2009. (Doc. 18).

On October 27, 2009, Defendant filed a Motion to Quash Plaintiff's Subpoena to GMAC pursuant to Fed. R. Civ. P. 45. **(Doc. 22).** A Brief in support of the Motion to Quash was filed on October 29, 2009. (Doc. 23). Defendant argues that Plaintiff's subpoena to GMAC, issued by the United States District Court for the Middle District of Pennsylvania, cannot be enforced in North Carolina and must be quashed since it was served beyond the territorial limitations and since it was not served on GMAC by personal service.

---

[1]Defendant is represented by Attorney Neyhart with respect to his coverage by State Farm and by Attorney Huntington with respect to his coverage by GMAC.

Additionally, a Brief in Support of Defendant's Doc. 5 Objections to Plaintiff's subpoena to State Farm was filed by Defendant on October 30, 2009. (Doc. 24). Defendant's Objections to Plaintiff's subpoena to State Farm are under Fed. R. Civ. P. 26(b)(3)(A), and Defendant argues that Plaintiff cannot get discovery of the complete investigative file of State Farm with respect to the mva.

Plaintiff did not file a brief in opposition to either the Doc. 5 Objections of Defendant to Plaintiff's subpoena of State Farm or to Defendant's Doc. 22 Motion to Quash Plaintiff's subpoena to GMAC, nor did he request an extension of time within which to do so.

Defendant's Motion to Quash Plaintiff's Subpoena directed to GMAC (Doc. 22) is therefore unopposed pursuant to Rule 7.6, M.D. Pa. Also, Defendant's Objections to Plaintiff's subpoena to State Farm (Doc. 5) is unopposed pursuant to Rule 7.6, M.D. Pa. Thus, the Court will grant as unopposed Defendant's Motion to Quash Plaintiff's Subpoena directed to GMAC (Doc. 22) and Defendant's Objections to Plaintiff's subpoena to State Farm (Doc. 5).

We also find merit to Defendant's Motion to Quash Plaintiff's Subpoena directed to GMAC (Doc. 22). As stated, Plaintiff served GMAC with his August 17, 2009 subpoena which was issued by this Court, by certified mail in North Carolina. Defendant states that GMAC is a non-party which was served in North Carolina and that discovery under Rule 45 provides for territorial limitations such that a non-party is not required to produce documents located more than 100 miles from the place where production is requested. Defendant states that since Plaintiff served his subpoena on GMAC in North Carolina, which is not within 100 miles of the Middle District of Pennsylvania, Plaintiff's subpoena must be quashed.

The Court In re Automotive Refinshing Paint, 229 F.R.D. 482, 494 (E.D Pa. 2005), stated:

> Federal Rule of Civil Procedure 45(a)(2) states, in relevant part, that "a subpoena for production or inspection shall issue for the court in which the production or inspection is to be made." Fed.R.Civ.P. 45(a)(2). Federal Rule of Civil Procedure 45(b)(2) provides that a subpoena duces tecum may validly be served in any of three different ways:
>
>> [A] subpoena may be served at any place within the district of the court by which it was issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, production, or inspection specified in the subpoena[,] or at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction ....
>
> Fed.R.Civ.P. 45(b)(2). Accordingly, a subpoena for production of documents may be served on a witness "at any place within the district of the court by which it was issued."

GMAC, a non-party, was subpoenaed by Plaintiff to produce documents in the Middle District of Pennsylvania, and GMAC was served, not in the Middle District of Pennsylvania, but well beyond 100 miles from this District. Therefore, we agree with Defendant that Plaintiff's subpoena issued to GMAC must be quashed under Rule 45, and we will grant Defendant's Motion to Quash, Doc. 22.

With respect to Defendant's Objections to Plaintiff's subpoena issued to State Farm and his claim that Plaintiff is not entitled to State Farm's entire investigative file regarding the mva, Defendant relies upon Fed. R. Civ. P. 26(b)(3). (Doc. 24). As stated, Plaintiff has not responded to Defendant's Brief in support of his Objections.

In Yeakel v. Werner Enterprises, Inc., 2008 WL 2120515, *2 (M.D. Pa.), the Court stated:

> The Supreme Court has held that "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged." Fischer v. United States, 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1971).

4

"[T]he purpose of the attorney-client privilege is to encourage 'full and frank communication between attorneys and their clients.' " *Westinghouse v. Republic of the Philippines*, 951 F.2d 1414, 1423 (3d Cir.1991). Still, "[b]ecause the attorney-client privilege obstructs the truth-finding process, it is construed narrowly." *Id.* Included in these protections are an attorney's "work product," which includes "materials [that] were prepared in 'the course of preparation for possible litigation.' " *Haines v. Liggett Group*, 975 F.2d 81, 94 (3d Cir.1992) (quoting *Hickman v. Taylor*, 329 U.S. 495, 505, 67 S.Ct. 385, 91 L.Ed. 451 (1947)); *see also Hickman*, 329 U.S. at 511 (describing as work product "interviews, statements, memoranda, correspondence, briefs, mental impressions, [and] personal beliefs"). Such material often enjoys "almost absolute protection from discovery, because 'any slight factual content that such items may have is generally outweighed by the adversary system's interest in maintaining the privacy of an attorney's thought processes and in ensuring that each side relies on its own wit in preparing their respective cases." *Id.* (quoting *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir.1984)). [FN1]

> FN1. As the Third Circuit Court of Appeals has noted:
>
> The work product doctrine as articulated in *Hickman* has been partially codified in Federal Rule of Civil Procedure 26(b)(3). That rule conditions the production of 'documents and tangible things' prepared in anticipation of litigation by or for an opposing party on the moving party's showing of substantial need and undue hardship. Even where such a showing is made, however, the trial court, in ordering the production of such materials, 'shall protect against disclosure of the mental impressions, conclusions, opinions, or legal' " (quoting Fed. R. Civ. P. 26(b) (3)). *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir.1985)

See also *Faloney v. Wachovia Bank, N.A.*, 254 F.R.D. 204, 209 (E.D. Pa. 2008).

In our case, Defendant relies upon a work-product privilege with respect to Plaintiff's subpoena for the complete investigative file of State Farm. While Plaintiff does not oppose Defendant's Objections to his subpoena insofar as it seeks the investigative file of State Farm, we do not find that Defendant has shown that the other documents Plaintiff has subpoenaed from State

5

Farm are protected from disclosure by the privilege. As the *Yeakel* Court stated, "to obtain the work-product privilege, a party must demonstrate that the document in question was 'prepared in anticipation of litigation.'" 2008 WL 2120515, *2. Further, "[a] determination on privilege, then, requires a specific inquiry into the nature of the document in question and the need of the party seeking discovery for access to it." *Id.* Since Defendant has not shown that the privilege applies to any other documents Plaintiff seeks in its subpoena issued to State Farm besides the investigative file, we will only grant Defendant's Objections (Doc. 5) with respect to the investigative file prepared in anticipation of litigation. Thus, materials sought by Plaintiff's subpoena to State Farm which are not part of State Farm's investigative file prepared in anticipation of litigation must be produced to Plaintiff.

**SO ORDERED.**

THOMAS M. BLEWITT
**United States Magistrate Judge**

Dated: November 30, 2009